IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV495

| | |
|---|---|
| TIMOTHY P. KISER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| LYLE J. YURKO; LYLE J. YURKO ) | |
| INSURANCE CO., INC., S. FREDERICK ) | |
| WINIKER, III, Trustee, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed October 5, 2010. (Doc. No. 1.)

Plaintiff's Complaint alleges that after he retained attorney Lyle Yurko law by paying him a retainer of $3,500.00 to represent him in a criminal matter, Mr Yurko "defaulted" on his contract. (Id. at V, Statement of Claim). As a result, he seeks nominal, punitive and compensatory damages.

A case filed under 42 U.S.C. § 1983 ("§ 1983") requires a claimant to allege a deprivation of a constitutional right by a person acting under color of law. Even though Plaintiff's allegations are to be liberally construed under Haines v. Kerner, 404 U.S. 519, 520-21 (1972), they still must assert a cognizable claim upon which relief may be granted. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990). The Court is not required to "conjure up questions never squarely presented," Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir. 1985).

Plaintiff's Complaint does not set forth any specific constitutional deprivation under § 1983; nor does he allege defendants are state actors. Therefore, Plaintiff's Complaint will dismissed for failure to state a claim upon which relief may be granted.

**SO ORDERED**.

Signed: October 7, 2010

Robert J. Conrad, Jr.
Chief United States District Judge